## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**MICHAEL SCHWARTZ**, *an individual*,

       *Plaintiff,*

v.

**Homefix Custom Remodeling Corp**, *a Maryland Corporation*,

       *Defendant*

INJUNCTIVE RELIEF REQUESTED

DEMAND FOR A JURY TRIAL

1:23CV375.
J. HOPKINS
J. BOWMAN

## COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND OTHER EQUITABLE RELIEF

### INTRODUCTION

1.    Plaintiff Michael Schwartz ("Plaintiff") brings this action against Defendant Homefix Custom Remodeling Corp. Plaintiff alleges as follows upon personal knowledge, experience, investigation, and, as to all other matters, upon information and belief.

2.      This is an action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., Ohio's Ohio Rev Code ("ORC") 4719 et seq., and Ohio's Consumer Sales Practices Act ("OCSP"), ORC 1345 et seq. Further, this action is brought by Plaintiff due to Defendant's breach of contract.

3.      Defendant Homefix Custom Remodeling Corp ("Homefix") markets and sells home remodeling and renovation services in multiple states, including Ohio.

4.      To promote their goods and services Defendant conducts an aggressive telemarketing campaign by placing multiple calls to American telecommunications subscribers, including those whose phone numbers are registered on the National Do Not Call Registry and Defendant's internal do-not-call list.

5.      Plaintiff's cellular telephone received multiple calls and text messages from Defendant or an agent acting on Defendant's behalf; *Despite*, 1.) Plaintiff's cellular telephone number being registered on the National Do Not Call Registry; and 2.) failing to secure prior express written consent to call Plaintiff.

6.      Plaintiff has previously sued Defendant (Hamilton County

Municipal Court Case No. 22cv18315) for a series of telemarketing calls and text messages and reached a Mutual Release and Settlement Agreement with Defendant ("Agreement"). Plaintiff alleges that Defendant has violated the Agreement and the TCPA, OCSP, and other Ohio laws.

7.     By placing the telemarketing call at issue in this Complaint and breaching the signed Agreement, Defendant caused Plaintiff actual harm and cognizable legal injury. This includes invasion of privacy, annoyance, nuisance, disruption of Plaintiff's daily life, and breach of contract.

8.     Through this action, Plaintiff seeks injunctive relief and statutory damages as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

9.     Plaintiff is a natural person who, at all times relevant to this action, was a resident of Hamilton County, Ohio.

10.     Defendant, Homefix, is a Maryland Corporation with its principal place of business located at 14880 Sweitzer Lane Laurel, MD 20707. Homefix directs, markets, and provides business activities throughout multiple states, including Ohio, and this District. Homefix's registered agent for service of process is CSC-Lawyers Incorporating Service Company ("CSC"). CSC is located

3

at 7 St. Paul Street Suite 280 Baltimore, MD 21202.

## JURISDICTION AND VENUE

11.     This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq. Mims v. Arrow Fin. Servs., LLC, 556 U.S. 368, 372 (2012).*

12.     Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b) because Defendant markets services by making calls into this District and, with regard to the Agreement, has agreed to be bound by the laws of this District.

## LEGAL AUTHORITIES

### The Telephone Consumer Protection Act of 1991

13.     The TCPA was passed into law in 1991. The TCPA regulates and restricts the use of automatic telephone equipment. Congress enacted the TCPA to regulate the rapid growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing...can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

14.    The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system ("ATDS"); (3) without the recipient's prior express consent, unless the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A).

15.    The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). If the court finds that Defendant(s) willfully or knowingly violated 47 U.S.C. § 227(b)(1)(A), then the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the $500 in damages per violation. See 47 U.S.C. § 227(b)(3).

16.    The TCPA also makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with the National Do-Not-Call Registry or that entity's company specific do-not-call list. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) & (d). The TCPA provides a private cause of action to persons receiving calls in violation of 47 U.S.C. § 227(c)(5).

17.    The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.

18.    The FCC has issued rulings and clarified that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous *written* disclosure must be provided to the individual. *See 2012 FCC Order, 27 FCC Rcd. at 1839*

("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer — providing permission in writing — to authorize autodialed or prerecorded telemarketing calls ... ").

19.     According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

20.     In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

21.     To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that

gives the plaintiff a "'*clear and conspicuous disclosure*' of the consequences of

providing the requested consent....and having received this information, agrees

unambiguously to receive such calls at a telephone number the [plaintiff]

designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot.*

*Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶

71 (F.C.C. Feb. 15, 2012).

    22.    The TCPA regulations promulgated by the FCC define

"telemarketing" as "the initiation of a telephone call or message for the purpose

of or encouraging the purchase or rental of, or investment in, property, goods,

or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a

communication constitutes telemarketing, *a court must evaluate the ultimate*

*purpose of the communication. See Golan v. Veritas Entm't, LLC,* 788 F.3d

814, 820 (8th Cir. 2015).

    23.    "Neither the TCPA nor its implementing regulations '*require an*

*explicit mention of a good, product, or service' where the implication of an*

*improper purpose is 'clear from the context.'*" *Id.* (citing *Chesbro v. Best Buy*

*Stores, L.P.,* 705 F.3d 913, 918 (9th Cir. 2012)).

    24.    The FCC has explained that calls motivated in part by the intent to

sell property, goods, or services are considered telemarketing under the TCPA.

*See* In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether consumers are encouraged to rent, purchase or consume goods at the time the call is received or in the future.

25.    In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See* In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

26.    If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See* In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

27.    As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.,* No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v.*

8

*Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

28.     Similarly, the United States Court of Appeals for the Second Circuit recently held that the receipt of a telemarketing or unsolicited call "demonstrates more than a bare violation and satisfies the concrete-injury requirement for standing." *Leyse v. Lifetime Entm't Servs., LLC*, Nos. 16-1133- cv, 16-1425-cv, 2017 U.S. App. LEXIS 2607 (2d Cir. Feb. 15, 2017) (citing *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 105 (2d Cir. 2013) ("The injury-in-fact necessary for standing need not be large; an identifiable trifle will suffice."); *Golan v. Veritas Entm't, LLC,* 788 F.3d 814, 819-21 (8th Cir. 2015) (holding that receipt of two brief unsolicited robocalls as voicemail messages was sufficient to establish standing under TCPA).

## FACTUAL BACKGROUND

29.     At all times relevant, Plaintiff was a citizen of the State of Ohio.

30.     Homefix is a home improvement and remodeling company that markets and sells products and services, including window replacement, roof repair and replacement, solar panel installation, siding, doors, gutters, and related services.

31.     Homefix markets to and conducts a portion of its business in the State of Ohio.

32.    Upon information and belief, Homefix is directly involved with and is responsible for the implementation of the tortious telemarketing campaign that has caused Plaintiff harm.

33.    On or about February 23, 2022, Homefix began placing or caused others to place unsolicited telemarketing calls to Plaintiff's cellular telephone number (817) 600-6805 ("the 6805 Number"), despite the 6805 Number being listed on the National Do Not Call Registry ("DNC").

34.    The calls were placed without the express written permission or consent of Plaintiff, despite Plaintiff's 6805 number being registered on the DNC.

35.    Between the time period of February 23, 2022, and June 6, 2023 Plaintiff received three (3) individual telemarketing calls and four (4) text messages (Exhibit A) from Defendant, all through the use of an automated system for the selection or dialing of telephone numbers.

36.    The third call, dated June 6, 2023, that Plaintiff received was in violation of the signed Agreement, which states:

"(d) Homefix shall designate Plaintiff's telephone numbers, (817) 600-6805 and (321) 754-3330 ("Plaintiff's Numbers") as "DO NOT CALL" in Homefix's telephone marketing systems and shall direct all third party telephone service vendors utilized by Homefix as of the date of execution of this Agreement not to contact Plaintiff's Numbers on behalf of Homefix. Plaintiff represents and affirms that

10

Plaintiff's Numbers are the only telephone numbers associated with Plaintiff as of execution of this Agreement and Plaintiff agrees that Homefix shall have no obligation under this Section with regard to any telephone number other than Plaintiff's Numbers. Homefix further agrees that it will not sell or otherwise provide Plaintiff's Numbers to any third party telephone marketing service. Homefix may contact Plaintiff for any purpose relting to the Lawsuit or this Agreement through its outside counsel or its internal legal department.

(e) Plaintiff agrees never to solicit Homefix or any third party acting on Homefix's behalf to contact him, nor to fill out any online or other form that could or might result in Plaintiff's contact information being submitted to Homefix for return contact, nor to otherwise submit his name or contact information, including Plaintiff's Number, to Homefix, or take any other action that could be construed as a request for contact or that Plaintiff is receptive to being contacted. In addition to any other rights and remedies otherwise available to Homefix, in the event Plaintiff fails to comply with this Section (1)(e), Homefix shall be relieved of any obligation under Section (1)(d) above."

37.     Plaintiff has abided by the Agreement with Defendant. Plaintiff has not requested to be contacted by Defendant or Defendant's agents and has not filled out online or offline forms requesting contact by Defendant or Defendant's agents.

38.     At all times during which the telephone communications were placed to Plaintiff by or on behalf of Defendant, Plaintiff was not the homeowner

of a single-family home and, thus, would have no need of Defendant's services.

39.    At all times during which the telephone communications were placed to Plaintiff by or on behalf of Defendant, Plaintiff lived outside of Defendant's service area, according to Defendant's website (https://homefixcustomremodeling.com/about-us/).

40.    Plaintiff never provided the Defendant with any form of consent, including express written consent that authorized Defendant to transmit telephonic sales calls or text messages to Plaintiff's cellular telephone number utilizing an automated system for the selection or dialing of telephone numbers.

41.    The telemarketing sales communications at issue in this action originated from multiple long code and/or spoofed numbers, including: 1.) 863-345-3118, 2.) 407-410-3602, and 3.) 571-513-3832.

42.    Upon information and belief, the long code numbers cited in ¶ 41 of this Complaint are owned, maintained, operated, and/or spoofed by Defendant or Defendant's agent.

43.    Plaintiff is the subscriber and regular user of the 6805 Number and is financially responsible for telephone service to the 6805 Number.

44.    The 6805 Number is for personal use and is not associated with a

business.

45.    Plaintiff has never done business with Defendant or Defendant's agent, has never inquired about their products and never provided prior express written consent to Defendant or Defendant's agent to place autodialed calls or text messages to solicit their products.

46.    Upon information and belief, Defendant and/or their agents lack a sufficiently adequate system for limiting autodialed and/or prerecorded calls to cellular phones on the DNC or even Defendant's own internal do-not-call lists for which it does not have prior express written permission to call.

47.    Defendant's calls constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services.

48.    Upon information and belief, Defendant fails to maintain a list of persons who request not to receive telephonic sales calls.

49.    The generic and repetitive nature of Defendant's prerecorded telemarketing calls, combined with the large number of calls, the random nature of the calls, the lack of an immediate connection when the calls were answered, an audible pause and sound when the calls were answered and the use of multiple long code numbers and/or spoofed numbers in making the calls demonstrates that Defendant utilized an automated system for the selection or dialing of

Plaintiff's telephone number.

50.    Defendant's unsolicited calls caused Plaintiff actual harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. The calls also caused inconvenience and disruption to Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and professional life, including the ability to use Plaintiff's cellular telephone.

51.    Defendant hounded Plaintiff with persistent calls, even after signing an Agreement with Plaintiff to not contact Plaintiff anymore. Plaintiff was at home when many of the calls were received, which resulted in an audible sound, *e.g.*, the constant ringing of Plaintiff's cellular telephone, which caused a disturbance of the domestic peace of Plaintiff's home and invaded Plaintiff's privacy.

52.    Plaintiff's 6805 number was placed on the DNC by Plaintiff on May 24, 2021. Defendant's calls were placed to Plaintiff's 6805 over six (6) months after DNC registration, which exceeds the thirty (30) day period for business entities to stop calling phone numbers on the DNC.

## Ohio Revised Code

53.    The Ohio Revised Code (ORC) Chapter 4719.02(A) requires telephone solicitors to obtain a registration certificate from the Ohio Attorney

14

General and to obtain a surety bond to solicit Ohio residents by telephone. A copy of the surety bond must be on file with the Ohio Attorney General.

54.    ORC 4719.01 defines "telephone solicitation" as a communication to a person that: (a) "is initiated by or on behalf of a telephone solicitor or salesperson" or (b) the "communication either represents a price or the quality or availability of goods or services[.]"

55.    ORC 4719.01 defines "telephone solicitor" as "a person that engages in telephone solicitation directly or through one or more salespersons," regardless of the solicitor's location, to persons in Ohio. "Telephone solicitor includes, but is not limited to, any such person that is an owner, operator, officer, or director of, partner in, or other individual engaged in the management activities of, a business."

56.    ORC 4719.01 delineates the exemptions that businesses may qualify for in order to be exempt from ORC 4719 et seq. Defendant Homefix does not qualify for any of the listed exemptions. Defendant Homefix is not registered with the State of Ohio Attorney General's office as a telephone solicitor and, thus, is in violation of ORC 4719.02(A).

57.    ORC 4719.02(D) states that "[n]o nonresident telephone solicitor shall fail to maintain a resident of this state as its statutory agent for the purpose

of service of process. Defendant Homefix has failed to maintain a resident of this state as its statutory agent for the purpose of service of process and, thus, is in violation of 4719.02(D).

58. ORC 4719.08(G) states that "[n]o telephone solicitor shall...make a false or misleading statement to induce a purchaser to pay for goods or services." During the call on June 6, 2023, Plaintiff spoke with an employee of Defendant Homefix ("Robert") who claimed that Defendant Homefix was contacting Plaintiff because Defendant Homefix had received an inquiry online. Plaintiff has not placed, nor asked a third party to place, an inquiry online to Defendant Homefix or to any entity regarding services that Defendant Homefix provides. Robert's statement is false and a violation of ORC 4719.08.

59. ORC 4719.14 states that "[a] violation of section 4719.02, 4719.05, or 4719.06, division (C), (D), or (E) of section 4719.07; section 4719.08; or division (A) of section 4719.09 of the Revised Code is an unfair or deceptive act or practice in violation of section 1345.02 of the Revised Code."

60. ORC 1345.02(A) states that "no supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during or after the transaction."

61.    ORC 1345.02(G) states that failure "to obtain or maintain any registration, license, bond, or insurance required by state law or local ordinance for the supplier to engage in the supplier's trade or profession is an unfair or deceptive act or practice."

62.    ORC 1345.01(C) defines a "supplier" as "a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions[.]"

63.    ORC 1345.09(A) states that people may bring an individual action against entities who commit violations of ORC 1345.02 in order to recover actual economic damages plus an amount not exceeding five thousand (5000) dollars in noneconomic damages.

64.    ORC 4719.15(A) states that "[a] purchaser injured by a violation of a provision of sections 4719.01 to 4719.18 of the Revised Code or a rule adopted under any provision of those sections may bring a civil action against the telephone solicitor or salesperson who committed the violation."

65.    ORC 4719.15(C) states that "[t]he court may award the purchaser punitive or exemplary damages upon the purchaser's showing that the telephone solicitor or salesperson knowingly committed an act or practice that violated a provision of sections 4719.01 to 4719.18 of the Revised Code."

## CAUSES OF ACTION

### <u>First Cause of Action</u>
### Negligent Violations of the TCPA, "ATDS"
### Prohibition, 47 U.S.C. § 227(b) et seq.

66.     Plaintiff repeats and incorporates by reference ¶ ¶ 1–66.

67.     Defendant Homefix – or third parties directed by Defendant Homefix – transmitted calls using an automatic telephone dialing system to the cellular telephone number of Plaintiff.

68.     These communications were made without regard to whether or not Defendant Homefix had first obtained express permission from Plaintiff to make such calls or send text messages.

69.     Defendant Homefix did not have prior express consent to call or text the cellular telephone of Plaintiff when the communications were made.

70.     Defendant Homefix has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phone of Plaintiff without prior express consent.

71.     Defendant Homefix knew that it did not have prior express consent

to place these communications and knew, or should have known, that it was using an ATDS to make non-emergency telephone calls to the cell phone of Plaintiff without prior express consent. Defendant has signed an Agreement with Plaintiff stating that they would not call Plaintiff without Plaintiff's express written consent or permission. Plaintiff has not provided Defendant with permission or consent to contact Plaintiff. The violations were therefore willful or knowing.

72.     Defendant Homefix's communications caused Plaintiff actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance and disruption to Plaintiff's daily life, reduction in cellular telephone battery life, data loss and loss of use of Plaintiff's cellular telephone. Further, the telephone communication on June 6, 2023 was a breach of the Agreement.

73.     As a result of the aforementioned violations of the TCPA, Plaintiff is entitled to an award of up to $1,500 in statutory damages for each communication in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

74.     Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such future conduct. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Michael Schwartz demands a jury trial on all claims so triable, and judgment against Defendant Homefix for the following:

    a. Injunctive relief prohibiting violations of the TCPA by Defendant Homefix and its telemarketing agents in the future;

    b. Statutory damages of $1,500 for the call on June 6, 2023 made in willful violation of the TCPA, pursuant to 47 U.S.C. § (b)(3)(B), and in violation of the Agreement.

    c. Such other relief as this Court deems just and proper.

### Second Cause of Action
### Knowing and/or Willful Violations of the TCPA,
### 47 U.S.C. § 227(b) et seq.

87. Plaintiff repeats and incorporates by reference ¶ ¶ 1–66.

88. Defendant Homefix placed multiple calls and sent a text message to Plaintiff's cellular telephone within a twelve (12) month period beginning February 23, 2022. The calls were placed using an ATDS in violation of 47 U.S.C. § (b)(1)(A)(iii).

89. Defendant Homefix knew or should have known that Plaintiff's cellular telephone was at all times relevant to this matter, listed on

the National Do Not Call Registry. Further, Defendant Homefix knew, or should have known, that Defendant Homefix did not have Plaintiff's express written consent to be contacted. The violations were therefore willful or knowing.

90. Defendant Homefix caused Plaintiff actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance and disruption to Plaintiff's daily life, reduction in cellular telephone battery life, data loss and loss of use of Plaintiff's cellular telephone.

91. As a result of the aforementioned violations of the TCPA, Plaintiff is entitled to an award of up to $1,500 in statutory damages for each call in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

92. Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such future conduct. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Michael Schwartz demands a jury trial on all claims so triable, and judgment against Defendant Homefix for the following:

a. Injunctive relief prohibiting violations of the TCPA by Defendant Homefix in the future;

b. Statutory damages of $1,500 for the call on June 6, 2023 made in

21

willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B) and in violation of the Agreement; and,

c. Such other relief as this Court deems just and proper.

### **Third Cause of Action**
### **Unfair or Deceptive Act or Practice, Failure to Register as a Telephone Solicitor, ORC 4719.02(A)**

93. Plaintiff repeats and incorporates by reference ¶ ¶ 1–66.

94. Pursuant to 1345.02(A), "[n]o person shall act as a telephone solicitor without first having obtained a certificate of registration or registration renewal from the attorney general under section 4719.03 of the Revised Code."

95. According to the Ohio Attorney General's website, Defendant Homefix is not registered with the State of Ohio as a Telephone Solicitor.

96. According to the Ohio Department of Insurance's website, Defendant Homefix is not licensed in the State of Ohio and, thus, is not a member of an exempt class.

97. Pursuant to ORC 4719.14, Ohio's Consumer Sales Practices Act, ORC 1345, applies.

98. Pursuant to ORC 1345.02(G), "[t]he failure of a supplier to obtain or maintain any registration…for the supplier to engage in the supplier's trade or

profession is an unfair or deceptive act or practice."

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Michael Schwartz demands a jury trial on all claims so triable, and judgment against Defendant Homefix for the following:

a. Injunctive relief prohibiting violations of the ORC by Defendant Homefix in the future;

b. Statutory damages of $5,000 for each and every violation of the ORC, pursuant to ORC 4719 and ORC 1345; and,

c. Such other relief as this Court deems just and proper.

## **Fourth Cause of Action**
## **Unfair or Deceptive Act or Practice, Failure to Maintain an Ohio Resident as Agent for Service of Process, ORC 4719.02(D)**

99. Plaintiff repeats and incorporates by reference ¶ ¶ 1–66.

100. ORC 4719.02(D) states that "[n]o nonresident telephone solicitor shall fail to maintain a resident of this state [Ohio] as its statutory agent for the purpose of service of process."

101. According to the Ohio Secretary of State's Office, Defendant Homefix does not have a registered agent for service of process in Ohio.

102. Pursuant to ORC 4719.14, Ohio's Consumer Sales Practices Act, ORC 1345,

applies.

103. Pursuant to ORC 1345.02(A), "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Michael Schwartz demands a jury trial on all claims so triable, and judgment against Defendant Homefix for the following:

a. Injunctive relief prohibiting violations of the ORC by Defendant in the future;

b. Statutory damages of $5,000 for each and every violation of the ORC, pursuant to ORC 4719 and ORC 1345; and,

c. Such other relief as this Court deems just and proper.

## Fifth Cause of Action
### Telephone Solicitors, Prohibited Acts, ORC 4719.08(G)

104. ORC 4719.08(G) states that "[n]o telephone solicitor shall...[m]ake a false or misleading statement to induce a purchaser to pay for goods or services."

105. During the call on June 6, 2023, Robert stated that Defendant Homefix received an inquiry about a request to be contacted concerning Defendant

24

Homefix's services. Plaintiff made no such inquiry and, thus, Defendant Homefix's assertion is false.

106. During the call on June 6, 2023, Robert said that the name of his manager is Kelly Henson. Plaintiff confirmed the spelling of Kelly's last name. This statement is false. The Director of Sales for Defendant Homefix is Kelly Pierce.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Michael Schwartz demands a jury trial on all claims so triable, and judgment against Defendant Homefix for the following:

a. Injunctive relief prohibiting violations of the ORC by Defendant in the future;

b. Statutory damages of $5,000 for each and every violation of the ORC, pursuant to ORC 4719 and ORC 1345; and,

c. Such other relief as this Court deems just and proper.

## **Sixth Cause of Action**
### **Breach of Contract**

**WHEREFORE**, Plaintiff, Michael Schwartz demands a jury trial on all claims so triable, and judgment against Defendant Homefix for the following:

107. Defendant Homefix agreed to place Plaintiff's Numbers on

Defendant Homefix's internal do-not-call lists and to instruct Defendant's third party telemarketing agents to not contact Plaintiff, per the Agreement.

108. Plaintiff was contacted by Defendant Homefix, in violation of the Agreement, Federal TCPA statute, and Ohio state law, on June 6, 2023.

109. Upon speaking with Defendant Homefix's employee, Robert, Plaintiff learned that Plaintiff's 6805 Number was not placed on Defendant Homefix's internal do-not-call lists.

110. Plaintiff instructed Robert to place Plaintiff's 6805 Number on Defendant Homefix's internal do-not-call list. Robert indicated that he would do so.

111. Evidence and prior experience indicate that Plaintiff is correct in not believing that Defendant Homefix will place Plaintiff's 6805 Number on Defendant's internal do-not-call list or fulfill the terms of the Agreement absent a Court order.

## **PRAYER FOR RELIEF**

a. An order of specific performance by the Court for Defendant Homefix to fulfill the terms of the Agreement, pursuant to Sections 1(b), 1(c),

and 1(d), such that 1) telephonic communications to Plaintiff's Numbers cease and 2) provide Plaintiff with the names of any and all lead generation entities, telemarketing entities, or other entities who provided, or may have provided, Plaintiff's information to Defendant, including by entering Plaintiff's information into a computer system or database accessible by Defendant Homefix or Defendant Homefix's employees or agents.

## <u>SUMMARY OF PRAYER FOR RELIEF</u>

112. Plaintiff has received payment from Defendant as stipulated in Section 1(a) of the Agreement.

113. Plaintiff mentions the prior TCPA violations only as historical background and to establish that the multiple communications provision of 47 U.S.C. § 227 et seq. has been met.

114. Plaintiff hereby demands judgment against Defendant Homefix for the following:

      a. One (1) violation of Count 1: $1500;

         or

      b. One (1) violation of Count 2: $1500;

         and

      c. One (1) violation of Count 3: $5000;

      d. One (1) violation of Count 4: $5000;

      e. One (1) violation of Count 5: $5000;

e. One (1) violation of Count 5: $5000;

   For a total amount of $16,500;

f. Injunctive relief such that the Court orders Defendant to fulfill the terms of the Agreement by 1) placing Plaintiff's Numbers on Defendant's internal do-not-call lists, 2) instructing Defendant's employees and agents that Plaintiff is not to be contacted except by Defendant's internal or external legal counsel per the terms of the Agreement, and 3) that Defendant provide the names of all lead generation entities, telemarketing entities, or other entities involved in the collection, harvesting, sale, trade, or transfer of phone numbers to or from Defendant;

g. Injunctive relief such that Defendant is barred from committing violations of Counts 1-6 against Plaintiff; and

h. Such other relief as this Court deems just and proper.

## **JURY DEMAND**

115.  Plaintiff hereby demands a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

116.  Plaintiff demands that Defendant(s) take affirmative steps and affirmative measures to retain, collect, and ensure that no potentially relevant documents, records, or information (including electronic information) are inadvertently altered, lost, or destroyed. Plaintiff further demands that Defendant(s) shall

preserve all records, lists, electronic databases, or other

itemization of telephone numbers associated with Plaintiff and the

communication or transmittal of the calls as alleged herein.

Dated: June 16, 2023

Respectfully Submitted,

/s/ *Michael Schwartz*
**MICHAEL SCHWARTZ**
*Pro se Plaintiff*
1400 Reading Road #1111
Cincinnati, Ohio 45202
Tel.: (817) 600-6805
Email: tcpacorrespondence@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 16, 2023 I filed the foregoing document with the Clerk of the Court. Which when entered by the Clerk will generate notices of filing to any party or individual who has requested to receive notices for this case. **I FURTHER CERTIFY** that on this 16th day of June, 2023, a true and correct copy of the foregoing document was mailed to Homefix Custom Remodeling Corp., care of CSC-Lawyers Incorporating Service Company, at Homefix's address on file with the Maryland Secretary of State.

By: /s/ *Michael Schwartz*
Michael Schwartz

## **SERVICE LIST**

### **Michael Schwartz v. Homefix Custom Remodeling Corp**

### **United States District Court, Southern District of Ohio**

Registered Agent for Homefix Custom Remodeling Corp:

CSC-Lawyers Incorporating Service Company
7 St. Paul Street
Suite 820
Baltimore, MD

*Defendant*
*Service via U.S. Mail*

**Plaintiff's Exhibit A**







roofing estimates for Quality Craftsmen who services Orlando.

Do you need your roof - repaired or replaced?

Wednesday, Mar 2 • 10:31 AM

Checking in on your roofing project...

Do you need your roof - repaired or replaced?

Thursday, Mar 3 • 8:20 AM

Just curious...

Are you still interested in a roofing estimate?

How did you get my information, Ben?

Mar 3, 8:22 AM • SMS